**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>DANIEL ANITA, )<br>)<br>Defendant/Petitioner. )<br>) | Case No. 06-20160<br>08-2398 |

**MEMORANDUM AND ORDER**

In 2007, Daniel Anita pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine. In the plea agreement executed by Mr. Anita, he waived his right to appeal or collaterally attack any matter in connection with his prosecution, conviction, and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255, except as limited by *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001). Mr. Anita was sentenced to 168 months in prison.

Mr. Anita's case is once again before this court because he has filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 141). He argues that his attorney was ineffective for entering a plea agreement and a waiver of the right to appeal or collaterally attack the sentence when the agreement did not guarantee Mr. Anita a specific sentence. Moreover, Mr. Anita maintains that both parties agreed that he would be sentenced at the low end of the applicable guideline range but that the court "in

essence violated the plea agreement" by imposing a sentence at the top of the guideline range. Mr. Anita asserts that his attorney was ineffective because Mr. Anita is now left with no recourse to challenge what he claims is a breach of the plea agreement by the court.

In response, the government contends that Mr. Anita's ineffective assistance claim concerning his plea waiver does not satisfy the two-prong test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and that the claim concerning sentencing has been expressly waived by Mr. Anita in his plea agreement–a waiver that the government moves to enforce (Doc. 143). In response to the government's motion, Mr. Anita reiterates his argument that the waiver is unenforceable given his attorney's ineffectiveness.

As explained below, the court concludes that Mr. Anita's ineffective assistance claim concerning his plea does not satisfy *Strickland v. Washington*, that enforcement of the waiver does not result in a miscarriage of justice, and that he has waived his claim concerning his sentencing. Thus, Mr. Anita's petition is denied in part and dismissed in part and the government's motion to enforce is granted.

## DISCUSSION

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and

voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

**1.     Scope of the Waiver**

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Anita waived his right to challenge his sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs

>upwards from the applicable sentencing guideline range determined by the court.

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Bearing these principles in mind, Mr. Anita clearly waived the right to raise his claim challenging the sentence imposed by the court. However, his ineffective assistance claim concerning the plea agreement and waiver arguably falls within *United States v. Cockerham* and the court discusses that claim more fully below.

## 2.    **Knowing and Voluntary**

Mr. Anita does not dispute that his waiver was knowing and voluntary except to the extent he asserts that his counsel was ineffective in connection with the plea–an argument that the court addresses below in connection with the miscarriage-of-justice prong of the *Hahn* analysis.  Putting that argument aside, the record reflects that Mr. Anita's waiver was knowing and voluntary.

In assessing the voluntariness of a defendant's waiver, the court looks primarily to two factors–whether the language of the plea agreement states that the defendant entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy. *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th

Cir. 2007).

Both conditions are satisfied here. Paragraph 13 of Mr. Anita's plea agreement expressly states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (concluding that a defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because plea agreement contained broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence").

In addition, the court, during its Rule 11 colloquy with Mr. Anita, specifically discussed that he had waived his right to challenge his sentence through a § 2255 motion. Mr. Anita assured the court that he understood the nature of § 2255 claims, that he understood that he had waived his right to assert such claims, and that he was entirely willing to do so. *See id.* (finding that defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because defendant testified at the plea colloquy that he was competently, knowingly, freely and voluntarily entering his plea and waiving his constitutional rights, including his right to appeal) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.")).

5

### 3.     **Miscarriage of Justice**

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Hahn*, 359 F.3d at 1327.  Mr. Anita asserts that he received ineffective assistance of counsel in conjunction with the negotiation of his plea–a situation expressly excluded from the waiver executed by him.  *See Cockerham*, 237 F.3d at 1187 (concluding that a defendant cannot waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver).

The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*.  To obtain relief, a petitioner must establish both that his attorney's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, thereby constituting prejudice to the petitioner.  *See id.* at 687, 688, 694.

According to Mr. Anita, his counsel was ineffective for negotiating a plea agreement and a waiver when the agreement did not guarantee Mr. Anita a specific sentence.  Mr. Anita cannot establish, however, that his counsel's performance was

6

constitutionally deficient. Many plea agreements–and perhaps the majority of them–include a waiver provision and only a recommended sentence, not a required one that the court must impose. Those kind of arrangements are consistently upheld and do not constitute deficient performance on the part of attorneys. *See, e.g.*, *Smith*, 500 F.3d 1206; *United States v. Novosel*, 481 F.3d 1288 (10th Cir. 2007).

Moreover, Mr. Anita cannot demonstrate any prejudice and, thus, cannot establish the second prong of *Strickland*. He makes no attempt to argue that but for counsel's alleged error, he would not have pleaded guilty and would have instead proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

And even if Mr. Anita's counsel had been able to negotiate a plea without a waiver of Mr. Anita's rights (and it is highly unlikely that the government would have agreed to such a plea), Mr. Anita nonetheless would be unsuccessful in challenging his sentence in the context of his § 2255 motion. He argues that the court violated the terms of the plea agreement by not accepting the Government's recommendation to impose a sentence at the low end of the applicable range. But a plea agreement that does not specify a precise sentence does not bind a district court to any particular recommendation. *Smith*, 500 F.3d at 1213. Additionally, during the plea colloquy, the court noted that although the Government agreed to recommend a specific sentence, "those are only recommendations and that if the court doesn't go along with the government's recommendations, you would not have the right to withdraw your plea of guilty under those circumstances because the final determination will always be made

by the court." Mr. Anita indicated his understanding of these terms.

**4.     Conclusion**

For the foregoing reasons, the court denies Mr. Anita's claim that he received ineffective assistance of counsel in connection with the negotiation of his plea and waiver. Having concluded that enforcing the waiver contained in Mr. Anita's plea agreement will not result in a miscarriage of justice, the court grants the government's motion to enforce and dismisses Mr. Anita's claim concerning errors in sentencing.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 141) is denied in part and dismissed in part, and the Government's Motion to Enforce Waiver of Collateral Attack (Doc. 143) is granted.

**IT IS SO ORDERED** this 27th day of January, 2009.

                                                    s/ John W. Lungstrum
                                                    John W. Lungstrum
                                                    United States District Judge