# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|   |   |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Case No. 06-20160 |
| ) | 08-2398 |
| DANIEL ANITA, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

## MEMORANDUM AND ORDER

In 2007, Daniel Anita pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine. In the plea agreement executed by Mr. Anita, he waived his right to appeal or collaterally attack any matter in connection with his prosecution, conviction, and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255, except as limited by *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001). Mr. Anita was sentenced to 168 months in prison.

Mr. Anita then filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. 141). Given the waiver he had signed, however, his motion was dismissed (doc. 149).

Mr. Anita has now filed a Rule 60(b) Motion For Relief From Judgment (doc. 152). For the reasons set forth below, that motion is dismissed as an unauthorized second or successive habeas petition.

**DISCUSSION**

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Van Skiver*, 952 F.2d at 1243-44. According to Rule 60, a court may grant relief from judgment for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A "true" 60(b) motion following the denial of § 2255 petition, however, must "either (1) challenge[] only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenge[] a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (citing *Spitznas v. Boone,* 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citations omitted)). If the motion instead "in substance or

effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction," it is a second or successive petition. *Id.*

Mr. Anita's motion does not actually address this court's ruling on his § 2255 petition at all. Instead, Mr. Anita asserts that this court lacked subject matter jurisdiction to entertain the underlying criminal prosecution. This argument challenges the validity of Mr. Anita's underlying conviction and sentence. As such, it is not a "true" 60(b) motion and is more properly construed as a second or successive § 2255 motion.

In order to file a successive § 2255 motion, a petitioner must first move the court of appeals for an order authorizing the district court to hear the motion. 28 U.S.C. § 2244(b)(3). The court of appeals then may grant permission to file a second or successive motion only if the applicant meets certain criteria. § 2255(h). Specifically, the applicant must show either "(1) the existence of newly discovered evidence that, if proven in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.*

Because Mr. Anita has failed to obtain, or even seek, that permission, this court may transfer the case to the Tenth Circuit if "it is in the interest of justice to do so." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). If it is not in the interests of justice to transfer the case, however, this court must dismiss the case for lack of jurisdiction because it has no authority to entertain second or successive § 2255 motions

3

unauthorized by the court of appeals. *Id.*

For the reasons this court set forth in its order denying Mr. Anita's § 2255 petition and upholding the waiver in his plea agreement, Mr. Anita has failed to satisfy § 2255(h)'s strict requirements for a successive petition, such that a transfer to the court of appeals would serve no legitimate purpose and would therefore not be in the interest of justice. As such, this court has no choice but to dismiss this motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. 152) is **dismissed**.

**IT IS SO ORDERED** this 3rd day of September, 2010

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge