IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                            Case No. 06-20160-01-JWL

**Daniel Anita,**

      **Defendant.**

## MEMORANDUM & ORDER

In July 2007, Daniel Anita entered a plea of guilty to conspiracy to distribute and to possess with intent to distribute cocaine. The court ultimately determined that Mr. Anita's total offense level was 33 and assigned a criminal history category of I. The resulting advisory guideline range for imprisonment was 135 to 168 months. The court sentenced Mr. Anita to a sentence of 168 months, the high end of the range.

This matter is before the court on Mr. Anita's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table. Under the amended guidelines, Mr. Anita's total offense level is 31. With a criminal history category of I, his amended guideline range is 120 months to 135 months imprisonment, in light of the mandatory minimum of 120 months. In his motion for reduction, Mr. Anita requests that the court resentence him to 120 months imprisonment, the low end of the range. In response, the government concedes that Mr. Anita is eligible for a reduction (and the parties agree as to the

amended range) but contends that the court should re-sentence Mr. Anita at the high end of the range as it did in connection with Mr. Anita's original sentence.

Following the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), the Tenth Circuit has recognized that § 3582(c)(2) "prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact *warranted*." *United States v. White,* 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original).  Because the government does not dispute that a sentence reduction is authorized in this case, only the second question is at issue here.  In determining whether a sentence is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety."  *United States v. Meridyth*, 573 Fed. Appx. 791, 794 (10th Cir. 2014) (citations omitted).

The court concludes that a reduction is warranted and, consistent with its practice, will resentence Mr. Anita to the high end of the amended range as it did in connection with Mr. Anita's original sentence.  There is nothing in the record to suggest that a greater reduction is warranted and, for the reasons set forth in detail by the court at Mr. Anita's initial sentencing—including the fact that Mr. Anita likely would have been assigned a higher offense level if the government had known earlier in the process the large quantities of drugs in which Mr. Anita was involved—a sentence at the high end remains appropriate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Anita's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 246) is **granted as described herein** and Mr. Anita's sentence is **reduced from 168 months to 135 months imprisonment**. All other provisions of the judgment dated November 29, 2007 shall remain in effect.

**IT IS SO ORDERED.**

Dated this 28th day of October, 2015, at Kansas City, Kansas.

**Effective Date: November 1, 2015**.

          s/ John W. Lungstrum  
          John W. Lungstrum  
          United States District Judge

.